IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00043-CR

 

David Caldwell,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 13th District
Court

Navarro County, Texas

Trial Court No. 31,449

 



MEMORANDUM  Opinion



 








            In an open plea to the trial
court, David Caldwell pleaded guilty to delivery of a controlled substance in
an amount less than one gram in a drug free zone and pleaded true to an
enhancement paragraph.  The trial court ordered a pre-sentence investigation. 
After a punishment hearing, the trial court sentenced Caldwell to twelve years
in prison.  In one point of error, Caldwell contends that he received
ineffective assistance of counsel at both the guilty plea and punishment
hearings.  We affirm.

 

STANDARDS OF REVIEW

To prove ineffective assistance, an appellant must show that:
(1) counsel’s performance was deficient; and (2) the defense was prejudiced by
counsel’s deficient performance.  See Strickland
v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); see
also Wiggins
v. Smith, 539
U.S. 510, 521, 123 S. Ct. 2527, 2535, 156 L. Ed. 2d 471 (2003).  The
appellant must prove, by a preponderance of the evidence, that there is no
plausible professional reason for a specific act or omission.  Bone v.
State, 77 S.W.3d
828, 836 (Tex. Crim. App. 2002).  There is “a strong
presumption that counsel’s conduct fell within a wide range of reasonable
representation.”  Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).  “[A]ny
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.”  Thompson
v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999).[1]

ANALYSIS

              Caldwell maintains that
trial counsel rendered ineffective assistance by failing to: (1) conduct discovery,
including filing a Brady motion; and (2) call witnesses, other than
Caldwell, at the punishment hearing.

              We first note that, at the
guilty plea hearing, the trial court asked Caldwell whether he was satisfied
with counsel’s representation, to which he replied, “Yes, sir.”  Moreover, Caldwell did not file a motion for new trial alleging ineffective assistance.  The record
is silent as to any reasons explaining trial counsel’s actions and we will not
so speculate.  See Thompson, 9 S.W.3d at 814.  Absent
a record revealing trial counsel’s strategy or motivation, Caldwell has not
defeated the strong presumption that trial counsel’s actions fell within the
wide range of reasonable professional assistance.  See id.  His ineffective assistance claim is
better raised through an application for a writ of habeas corpus.  See Rylander
v. State, 101
S.W.3d 107, 110 (Tex. Crim. App. 2003); see also Bone, 77 S.W.3d at 837 n.30. 
We overrule Caldwell’s sole point of error and affirm the trial court’s
judgment.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed

Opinion
delivered and filed March 25, 2009

Do not publish

[CR25]

 

 

 









[1]               Caldwell maintains that
he is not required to satisfy Strickland regarding ineffective assistance
at the punishment hearing.  However, Strickland applies to the punishment phase of
a noncapital case.  Loredo
v. State, 157 S.W.3d
26, 29 (Tex. App.—Waco 2004, pet. ref’d)
(citing Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim.
App. 1999)); see Mata
v. State, 226 S.W.3d
425 (Tex. Crim. App. 2007).